NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL AZCONA,<br><br>         Plaintiff,<br><br>     v.<br><br>FLORINCO R. – NJDOC STAFF, NEW JERSEY DEPARTMENT OF CORRECTIONS CENTRAL OFFICE,<br><br>         *Defendants*. | Civil Action No. 23-517<br><br>**OPINION & ORDER** |

**<u>PADIN, District Judge.</u>**

Plaintiff Daniel Azcona seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 5.  For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis*.  Moreover, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court **DISMISSES** his complaint as against Defendant New Jersey Department of Corrections Central Office and **PROCEEDS** his complaint as against Defendant Florinco R.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes his pleading liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal

conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff filed his complaint on or about January 27, 2023. D.E. 1. Plaintiff avers that on January 23, 2023, Defendant/New Jersey Department of Corrections ("NJDOC") officer Florinco R. assaulted him "between 6:35am [and] 7:05am" while Plaintiff was being housed in a homeless shelter in Newark.[1] *Id.* at 3. Plaintiff claims that to have suffered a nasal bone fracture and facial contusion, and that he has medical records which substantiate his injuries. *Id.* at 4. Plaintiff claims that he "was assaulted out of retaliation because [he] filed federal complaints against NJDOC." *Id.* at 3.

Based on the foregoing allegations, the Court concludes that Plaintiff has adequately pled a First Amendment retaliation claim under 42 U.S.C. § 1983, and that his complaint may proceed under that theory as against Florinco R. only. Section 1983 provides, in relevant part, that "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. In order to state a *prima facie* case of § 1983 First Amendment retaliation, a plaintiff must plausibly allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

---

[1] The Court, for purposes of the present screening, presumes that this shelter is affiliated with NJDOC or a similar State entity.

Here, Plaintiff claims that he was attacked by NJDOC employee Florinco R. while being housed in a homeless shelter. Plaintiff also expressly alleges that this attack was done in retaliation for his filing of federal complaints against NJDOC, and that he suffered resulting injuries which, in the Court's view, would sufficiently deter a person of ordinary firmness from exercising his constitutional rights. Plaintiff has therefore, at this incredibly preliminary stage of the proceedings, plausibly alleged enough factual content for his § 1983 retaliation claim to go forward as against Defendant Florinco R.

The Court will, however, dismiss Plaintiff's complaint as against Defendant NJDOC Central Office. Although Plaintiff lists this NJDOC-related entity as a defendant in the caption of his complaint, it is clear, upon a review of the substantive allegations therein, that his factual allegations speak only to the specific actions committed by the individual officer, Defendant Florinco R., that purportedly violated his constitutional rights. *See*, *generally*, D.E. 1. Indeed, Plaintiff's complaint is bereft of any facts that specifically implicate NJDOC (and/or its Central Office) in the purported violation of his constitutional rights. And Section 1983 liability cannot attach to a municipality or local governing body under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff's complaint, in short, does not contain "enough facts to state a claim to relief that is plausible on its face" as against NJDOC Central Office. *Bell Atl. Corp.*, 550 U.S. at 570. His complaint will accordingly be dismissed against that entity, in its entirety, at the screening stage.

When dismissing claims brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment

is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims against NJDOC Central Office are entirely futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support his claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal of NJDOC Central Office from this matter will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against NJDOC Central Office concerning the allegations in his pleading.

Accordingly, and for good cause shown,

**IT IS** on this **23rd** day of **February**, 2023,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Daniel Azcona's application to proceed *in forma pauperis* (at D.E. 1-1) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file his complaint (at D.E. 1) without prepayment of the filing fee; and it is further

**ORDERED** that any and all claims asserted by Plaintiff against Defendant New Jersey Department of Corrections Central Office are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies set forth above, and that his failure to file an amended complaint within this time will result in his claims against Defendant New Jersey Department of Corrections Central Office being dismissed with prejudice; and it is further

**ORDERED** that Plaintiff's complaint may proceed as against Defendant Florinco R.; and it is further

**ORDERED**, that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for Defendant Florinco R.; and it is further

**ORDERED**, that Plaintiff shall complete the form for the Defendant Florinco R. and return it to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102; and it is further

**ORDERED**, that upon Plaintiff's sending of the completed USM-285 form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this Opinion & Order upon Defendant Florinco R. pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;[2] and it is further

**ORDERED**, that Defendant Florinco R. shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED**, that pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk of the Court shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of *pro bono* counsel; and it is further

**ORDERED**, that if at any time prior to the filing of a notice of appearance by Defendant Florinco R., Plaintiff seeks the appointment of *pro bono* counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a certificate of service; and it is finally

---

[2] Alternatively, the U.S. Marshal may notify Defendant Florinco R. that an action has been commenced and request that this defendant waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED**, that the Clerk of the Court shall send a copy of this Opinion & Order to Plaintiff by regular U.S. mail.

_____
Evelyn Padin, U.S.D.J.